UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUDITH R. STYSLOWSKY,

                      Plaintiff,

   v.                                            **DECISION AND ORDER**
                                                          10-CV-967S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

      1.      Plaintiff, Judith R. Styslowsky, challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Styslowsky alleges that she has been disabled due to low-back and migraine-related problems since April 2, 2003. Styslowsky contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability insurance benefits ("benefits") under the Act.

      2.      This case has a long, somewhat tortuous procedural history. Styslowsky first filed an application for benefits under Titles II and XVIII of the Act on April 26, 2004. The Commissioner of Social Security ("Commissioner") denied that application, and as result, she requested and received an administrative hearing, which was held before ALJ George Yatron on November 10, 2005. He found Styslowsky not disabled. However, on June 2, 2006, the Appeals Council ("Council") granted Styslowsky's request for review and remanded the case for further proceedings. A second administrative hearing was then held on November 19, 2007, this time before ALJ Marilyn D. Zahm, who also found Styslowsky not disabled. But once again, the Council reviewed and remanded the case.

      In the meantime, Styslowsky filed a second application for benefits, which was

granted by the state agency on June 30, 2008. Yet that decision was also overturned by the Council, at which time the Council consolidated the two claims and remanded them both to ALJ Zahm. A third hearing was held on April 27, 2009 and ALJ Zahm thereafter issued a decision on September 22, 2009 that once again found that Styslowsky was not disabled. This time the Council denied her request for review, prompting Styslowsky to file the current civil action on November 30, 2010, challenging Defendant's final decision.[1]

       3.      On May 5, 2011, the Commissioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 4.) Styslowsky followed suit by filing her own motion for judgment on the pleadings the next month on June 17, 2011. (Docket No. 7.) Briefing on the motions concluded on July 5, 2011, and this Court took the motions under advisement without oral argument. For the reasons set forth below, the Commissioner's motion is granted and Styslowsky's motion is denied.

       4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[1] The ALJ's September 22, 2009 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the

3

> [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Styslowsky has not engaged in substantial gainful activity since the date of her alleged onset, April 2, 2003, through the date that she was last insured, June 30, 2008 (R. 24);[2] (2) Styslowsky has two severe impairments: a back disorder and migraine headaches (id.); (3) Styslowsky does not have an impairment or combination of impairments that meets or medically equals the criteria necessary for finding a disabling

---

[2] Citations to the underlying administrative record are designated as "R."

4

impairment under the regulations (id.); (4) Styslowsky retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) (R. 25) and; (5) considering Styslowsky's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that she could perform (R. 33). Ultimately, the ALJ concluded that Styslowsky was not under a disability as defined by the Act from April 2, 2003 through June 30, 2008, the date she was last insured. (R. 34.)

10.     Styslowsky raises two challenges to the ALJ's decision. First, Styslowsky argues that the ALJ erred when she did not properly evaluate the opinion of her treating physician, Eugene J. Gosy, M.D. Second, Styslowsky argues that the ALJ improperly discredited her hearing testimony.

11.     On four occasions throughout 2005 and 2006, Dr. Gosy found Styslowsky totally, temporarily disabled from performing any occupation. ALJ Zahm gave Dr. Gosy's opinion "some weight," but found it generally inconsistent with the medical record as a whole. (R. 32.)

12.     Under the "treating physician's rule,"[3] the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

13.     If the ALJ finds that the treating physician's opinion should not be given

---

[3]"The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

controlling weight, then, under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors : (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of opinion; (4) consistency; (5) specialization of treating physician; and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

14.     Styslowsky makes a generalized argument that Dr. Gosy's opinion should have been accorded more weight, but provides no specifics as to how his opinion differs from the other record physicians. For example, she argues that "the ALJ mischaracterized and made inaccurate statements relative to the objective findings reported by Dr. Gosy," but does not point out what those mischaracterizations or objective findings were. Further, on October 10, 2007, in response to a questionnaire posed by the Commissioner, Dr. Gosy noted that Styslowsky could stand for 1 hour (4 hours total), walk for 1/2 hour (2 hours total), sit for 2 hours (4 hours total), and lift 10 pounds occasionally (5 pounds frequently). ALJ Zahm adopted this opinion verbatim in determining Styslowsky's RFC, which is meant to reflect a claimant's highest capacity to perform work-related tasks despite his or her impairment. 20 C.F.R. §§ 404.1545, 416.945. Thus, ALJ Zahm did not disagree with the medical findings of Dr. Gosy, but only his ultimate opinion that such a capacity precluded her from work.

15.     A finding by a medical source that a claimant is "disabled" or "unable to work" does not mean that the Commissioner must determine that the claimant is disabled within the meaning of the Act. See 20 C.F.R. § 404.1527(e); see also Green-Younger, 335 F.3d at 106 ("A treating physician's statement that the claimant is disabled cannot itself be

determinative") (internal citation and quotation marks omitted). That responsibility – drawing conclusions from the medical evidence – rests solely with the Commissioner. See SSR 96-5P, 1996 WL 374183, at *2 (S.S.A. 1996) (whether an individual is "disabled" under the Act is not a medical issue but is an administrative finding that is dispositive of a case). Further, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id. While Dr. Gosy's opinion on this matter should not be disregarded, there is no indication that it was. Instead, ALJ Zahm considered his opinion – according it "some weight" – in conjunction with the collective evidence and made a determination that Styslowsky was not disabled, which she was free and required to do under the Act as the presiding judge. See Taylor v. Barnhart, 83 Fed. App'x 347, 349 (2d Cir. 2003) (summary order) (treating physician's belief that a plaintiff is "totally disabled" is not entitled to any weight since that determination is reserved for the Commissioner). Her motion on this ground is therefore denied.

16.   Styslowsky also takes issue with the weight ALJ Zahm placed on consultive physician Dr. Richard Lee's[4] findings, which she argues did not take into account her migraine headaches. But this is not the case. Dr. Lee was called as an expert medical witness at Styslowsky's April 27, 2009 hearing where he made note of Styslowsky's history of chronic migraine and muscle contraction headaches. (R. 889.) He further noted that Styslowsky had received treatment for this condition but that it had proved less than effective. (Id.) Further, when asked to describe Styslowsky's limitations, he listed the chronic headaches among her impairments. (R. 894.) Dr. Lee also testified that, despite

---

[4]Dr. Lee is once referred to as "Robert Lee" in the hearing transcript, (R. 888), but at other locations in the transcript he is referred to as "Richard Lee." (R. 881, 882, 883.) Both parties also use the name "Richard." Whatever confusion, if any, was generated from this error has no affect on this action.

Styslowsky's claim that starting in 2003 she frequently took Imitrex for her headaches, the prescription print-out showed that she was prescribed only 18 pills in the three years from 2005-2007. (R. 892.) There is thus no indication in the record that Dr. Lee ignored or did not take into account problems associated with her migraines; her motion is therefore denied on this ground.[5]

17.   Styslowsky's second argument is that the ALJ failed to make specific findings as to her credibility.

"The ALJ has discretion to assess the credibility of a claimant's testimony regarding disabling pain and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979). A claimant's testimony is only credited "to the extent that alleged limitations can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 CFR § 404.1529(c)(4)). However, if the ALJ rejects subjective testimony, she must do so explicitly and with specificity to enable the

---

[5] Within this argument, Styslowsky also notes that:

> [C]ounsel for plaintiff made a request of the ALJ for clarification of exhibit 59 which was intelligence testing performed at the request of the administration. ([R.] 884) None was received. A page of this exhibit appears to be missing as the record contains only partial results of this evaluation. A full scale IQ of 66 may have been an additional factor in review of this claim but was not addressed due to an incomplete record as noted.

(Plaintiff's Memorandum of Law, p. 8; Docket No. 7-2.) Exhibit 59 refers to a mental capability assessment performed by Kevin Duffy, Psy. D., but no page is missing in this Court's record. (R. 765-768.) In any event, this assessment was fully considered by the ALJ, who noted that Dr. Duffy found that Styslowsky could "maintain attention and concentration and is able to maintain a schedule" and that while she may have trouble completing complex tasks independently, she can "make appropriate decisions and relate adequately with others." (R. 30.) Dr. Duffy diagnosed Styslowsky with Borderline Intellectual Functioning, not mental retardation. (R. 767.) Further, there is no indication that Styslowsky suffered from "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested" prior to age 22, as is required. See 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.05(C). Thus, ALJ Zahm did not err by concluding that Styslowsky's low Intelligent Quotient score did not render her disabled under the Act. See Romanac v. Astrue, No. 10-CV-178S, 2011 WL 6370568, at *3-*5 (W.D.N.Y. Dec. 20, 2011) (discussing requirements of a disability finding based on mental functioning).

Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether her decision is supported by substantial evidence. Brandon v. Bowen, 666 F. Supp. 604, 608 (S.D.N.Y.1987) (citations omitted)).

18.     Styslowsky contends that ALJ Zahm failed to meet this latter requirement – that she made no explicit findings about her credibility. But ALJ Zahm's determination regarding her credibility determination does provide adequate reasoning. ALJ Zahm reasoned that:

> [C]laimant testified at the first hearing that she has migraine headaches that last 5-12 days per month since 2003 for which she takes [I]mitrix every time. However, the prescription print-out showed no [I]mitrex for 2005 and just 9 pills for 2006 and 9 pills for 2007. Dr. Lee stated that it was possible that she may have been using other prescriptions at that time. However, there is no evidence that this was the case. As such, I find her testimony is not credible as to the number of migraines she has, the length of time that they last, and their intensity.

(R. 31.)

The ALJ further noted that her credibility is vitiated by Dr. Lee, who pointed out several notations in the record indicating a relatively normal examination and that she occasionally exhibited signs of pain amplification. (Id.) As such, this is not a case where the ALJ made a "single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" See SSR 96-7P,1996 WL 374186, at *2 (S.S.A. 1996). Rather, ALJ Zahm made specific findings, supported by the evidence, leading to a reasonable conclusion that Styslowsky's allegations were not entirely credible. See id. ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the

weight the adjudicator gave to the individual's statements and the reasons for that weight."); see also Wischoff v. Astrue, No. 08-CV-6367, 2010 WL 1543849, at *7 (W.D.N.Y. Apr. 16, 2010) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record in arriving at h[er] determination.") (Internal citation and quotation marks omitted).

19.   Accordingly, for the reasons stated above and having found that ALJ Zahm's finding was supported by substantial evidence, Styslowsky's motion for judgment on the pleadings is denied and the Commissioner's motion is granted.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 28, 2012
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court